IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENA MEYER,

    Plaintiff,

v.

DOLLY MATTEUCCI; DEAN PERCY; TERRY ANNE POONE; GAYLENE WONG; ROBERT ANDREW HARKNESS; and DOES 1 through 10,

    Defendants.

No. C 12-00734 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this civil rights action, defendants move to dismiss pursuant to FRCP 12(b)(6). Because the complaint fails to allege sufficient facts giving rise to a cognizable claim for relief, defendants' motion is **GRANTED.**

## STATEMENT

*Pro se* plaintiff Lorena L. Meyer was formerly employed by the California Department of Mental Health (DMH) facility at Napa State Hospital (NSH). In 2008, plaintiff prevailed before State Personnel Board (SPB) Administrative Law Judge Douglas A. Purdy on claims of retaliation, wrongful demotion, and termination resulting from plaintiff's reporting of abuses, pursuant to California Penal Code Section 368. Plaintiff was awarded salary, backpay, benefits, and interest pursuant to California Government Code Section 19584. In 2011, the First District

1  Court of Appeal, Division Three, affirmed.  Defendant Deputy Attorney General Robert
2  Harkness represented DMH in the SPB administrative proceedings.
3       Defendant Dolly Matteucci is the Executive Director at NSH.  Defendant Dean Percy
4  is the Human Resources Manager at NSH.  Defendant Terry Ann Poone is the NSH Personnel
5  Officer and Assistant to defendant Percy.  Defendant Gaylene Wong is the NSH Personnel
6  Supervisor II and was assigned to prepare the accounting in plaintiff's SPB administrative
7  proceedings (Compl. 2–3).
8       The allegations in plaintiff's complaint are as follows:  During pendency of the SPB
9  administrative proceedings, Attorney Harkness abused the process by "filing frivolous petitions
10 and appeals every time plaintiff prevailed over the false charges, to perpetuate and keep the
11 case going to harass and exhaust plaintiff, and he was and is still being paid with public funds."
12 Plaintiff has been unable to collect any of the funds awarded by Judge Purdy.
13 Attorney Harkness, in concert with the other named defendants, has blocked plaintiff from
14 obtaining these proceeds.  Plaintiff called SPB and was informed that her case was closed.
15 Plaintiff then called NSH and was told by defendant Dean Percy that she would be arrested
16 if she ever came onto State property again.  Attorney Harkness has refused to return plaintiff's
17 calls and emails.  Additionally, NSH mailed plaintiff an IRS Form W-2 for the year 2011
18 reflecting wages of $21,236.55, though plaintiff has not worked at NSH since 2008 (*id*. at 3–4).
19      The complaint alleges the following claims:  (1) violations of due process; (2) violations
20 of the Fourteenth Amendment and the equal protection provisions of the California Constitution;
21 (3) cruel and unusual punishment under the Eighth Amendment and applicable provisions
22 of the California Constitution; (4) violations of 42 U.S.C. Section 1981; (5) violations of the
23 Age Discrimination in Employment Act of 1967; and (6) violations of the Fair Employment
24 and Housing Act (*id*. at 4–5).  Defendants now move to dismiss pursuant to FRCP 12(b)(6).
25 This order follows full briefing and a hearing.
26      In her opposition brief and at the hearing, plaintiff assured the Court this action is not
27 a collateral action to enforce the SPB backpay award (Opp. 2).  The majority of her allegations,
28 however, relate to delays and obstacles to collecting that award (Compl. 2–3, 4; Opp. 2, 5, 9,

1 11–14).  Defendants append a declaration to their reply brief stating that plaintiff has received
2 $182,124.16 of the $207,090.24 due her, and that the final payment is scheduled for the week
3 of April 27, 2012 (Wong Decl. ¶¶ 5–8).  Because plaintiff does not seek enforcement of the
4 monetary award, this order will reserve judgment on defendants' jurisdictional arguments and
5 proceed to review the merits of plaintiff's constitutional claims.

## ANALYSIS

### 1. STANDARD OF REVIEW.

"The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed *pro se*."  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged.  While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

A document filed *pro se* is to be liberally construed and should be held to less stringent standards than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A liberal interpretation, however, "may not supply essential elements of the claim that were not initially pled."  *Ivey*, 673 F.2d at 268.

### 2. DUE PROCESS AND EQUAL PROTECTION CLAIMS.

Plaintiff alleges "defendants individually and collectively in their individual and official capacities where applicable violated plaintiff'[s] rights, under color of law, to due process and the equal protection of the laws pursuant to the Fourteenth Amendment to the U.S. Constitution and applicable provisions of the California Constitution" (Compl. at 4).  To prevail on what appears to be a procedural due process claim, plaintiff would have to demonstrate that

3

defendants' wrongful acts deprived her of a liberty interest or property interest without sufficient notice or an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). To prevail on a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

*First*, plaintiff has failed to allege membership in a protected class, nor any discriminatory behavior on the part of defendants. Plaintiff's claim for violation of the Equal Protection Clause of the Fourteenth Amendment accordingly fails.

*Second*, no facts are alleged in plaintiff's complaint giving rise to a due process claim. Plaintiff alleges defendant Attorney Harkness "abused the process by filing frivolous petitions and appeals every time [p]laintiff prevailed over the false charges, to perpetuate and to keep the case going to harass and exhaust plaintiff." Because plaintiff prevailed on appeal, it is unclear how Attorney Harkness's filings in the SPB administrative proceedings deprived plaintiff of liberty interest or property. The mere fact that Attorney Harness appealed the administrative law judge's decision on behalf of his client cannot give rise to a due process claim. While appellate procedure may result in inconvenience to the prevailing party, the very purpose of appellate review is to provide fair adjudication to all litigants. Participation in this process, however zealous, does not constitute a violation of plaintiff's due process rights.

In her opposition brief, plaintiff states that "she is suing because the defendants subjected her to false charges and wrongful demotions and terminated her from employment . . ." (Opp. 3). While it is unclear whether plaintiff is attempting to re-litigate the issues decided in the SPB administrative law proceedings, this is the improper forum to review those decisions and, moreover, plaintiff prevailed on these claims.

All of plaintiff's allegations specific to the other defendants state that they "combined . . . to block proceeds due her . . . and to misappropriate the salary, backpay, benefits and interest due [her]" (Compl. ¶¶ 7–15). Plaintiff states no other basis for her claims for equal

4

protection and due process violations. Accordingly, defendants' motion to dismiss these claims is **GRANTED.**

### 3. EIGHTH AMENDMENT CLAIM.

Plaintiff's claim for violation of her "right to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution" is wholly without merit. "Given that the Amendment is addressed to bail, fines, and punishments, [the Supreme Court has] long understood it to apply primarily, and perhaps exclusively, to criminal prosecutions and punishments." *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 263 (1989). Plaintiff does not allege she was subjected to criminal prosecution or punishment of any kind. Accordingly, defendants' motion to dismiss this claim is **GRANTED.**

### 4. SECTION 1981 CLAIM.

In order to state a claim under 42 U.S.C. Section 1981, a plaintiff must show intentional or purposeful discrimination based on race in the workplace. *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375 (1982). "In order to withstand a motion to dismiss for failure to state a claim, a Section 1981 cause of action need only allege 'that plaintiff suffered discrimination . . . on the basis of race.'" *Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480, 1487 (9th Cir. 1995) (quoting *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988)).

Plaintiff's complaint does not allege that she suffered discrimination on the basis of race. Even a liberal reading of the complaint fails to evince any basis for a Section 1981 claim. Accordingly, defendants' motion to dismiss this claim is **GRANTED.**

### 5. AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967.

The Age Discrimination in Employment Act of 1967 (ADEA) makes it unlawful for an employer, including a State, "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA does not impose individual liability on employees. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Plaintiff's ADEA claim against each of these defendants must fail. Defendants' motion to dismiss this claim is accordingly **GRANTED.**

5

United States District Court
For the Northern District of California

### 6. STATE LAW CLAIMS.

Plaintiff alleges violations of the California Fair Employment and Housing Act and the California Constitution. Even had plaintiff pled sufficient facts to support a claim under any of these theories, the Eleventh Amendment bars state claims against state agencies and officials. "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). While plaintiff states she is suing these defendants in their official and individual capacities, no unofficial conduct is alleged in the complaint. Each of the defendants is specifically named in his or her official capacity (Compl. 2). Because plaintiff has alleged no facts to support her state law claims against these defendants, defendants' motion to dismiss these claims is **GRANTED.**

### 7. PLAINTIFF'S ADDITIONAL SUBMISSIONS.

Plaintiff has responded to defendants' reply brief with two additional submissions. Civil Local Rule 7-3(d) states: "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Plaintiff first submitted a "Response to the Defendants New and Additional Motion to Dismiss," along with a documentary entitled *Psychology: An Industry of Death*, which plaintiff cites as evidence of defendants' misconduct here. Plaintiff followed this submission with a letter contending defendants' briefs are deceptive and misleading and restating the basis for this suit. Plaintiff did not seek and has not received approval for these additional submissions. The Court has nevertheless reviewed these materials submitted by our *pro se* plaintiff and finds no new facts or theories therein that alter the outcome of this order.

## CONCLUSION

Accepting all factual allegations as true, this order finds plaintiff's complaint fails to set forth any cognizable claim for relief. All of the alleged "constitutional violations" revolve around the duration of the SPB administrative proceedings and appeal, as well as failure to receive payment of the backpay award. Plaintiff's contention that she was "dragged through the courts" for eight years by defendant Attorney Harkness in order to recover these funds does not

6

give rise to a constitutional claim.  There is no constitutional right to be free from appellate review.  Defendants' motion to dismiss is accordingly **GRANTED.**

Plaintiff contends that "more grounds that support this lawsuit exist, but plaintiff did not state every single ground in her complaint or she would have created even more pages" (Opp. 8). Recognizing plaintiff's diligence in reviewing and attempting to adhere to the federal pleading standards, and to ensure plaintiff has a full opportunity to plead her case, plaintiff may seek leave to amend the complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint.  A proposed amended complaint must be appended to the motion.  The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein.  Plaintiff should plead her best case.

**IT IS SO ORDERED.**

Dated: May 11, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE