IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENA L. MEYER,

    Plaintiff,

v.

ERICK KHOURY, DAVE GRAZAINI, JEFF ZWERIN, MIKE STOLP, PEGGY SPENCE, ED FOULK, DOLLY MATTEUCCI, DEAN PERCY, TERRY ANNE POONE, GAYLENE WONG, and DEPUTY ATTORNEY GENERAL ROBERT ANDREW HARKNESS,

    Defendants.

No. C 12-00734 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## INTRODUCTION

In this civil rights action, plaintiff moves for leave to file a first amended complaint. For the following reasons, the motion is **DENIED**.

## STATEMENT

Pro se plaintiff Lorena L. Meyer was formerly employed by the California Department of Mental Health (DMH) facility at Napa State Hospital (NSH). In 2008, plaintiff prevailed before State Personnel Board (SPB) Administrative Law Judge Douglas A. Purdy on claims of retaliation, wrongful demotion, and termination resulting from plaintiff's reporting of abuses, pursuant to California Penal Code Section 368. Plaintiff was awarded salary, backpay, benefits, and interest pursuant to California Government Code Section 19584. In 2011, the First District Court of Appeal, Division Three, affirmed.

United States District Court
For the Northern District of California

1  Defendant Dolly Matteucci is the Executive Director at NSH. Defendant Dean Percy is
2  the Human Resources Manager at NSH. Defendant Terry Anne Poone is the NSH Personnel
3  Officer and Assistant to defendant Percy. Defendant Gaylene Wong is the NSH Personnel
4  Supervisor II and was assigned to prepare the accounting in plaintiff's SPB administrative
5  proceedings. Defendant Deputy Attorney General Robert Harkness represented DMH in the
6  SPB administrative proceedings.

7  Plaintiff represented herself, for four years, in a prior federal lawsuit that she filed in
8  2003 in this district. Plaintiff's 2003 lawsuit began when she filed her original complaint in
9  December 2003, alleging gender discrimination under Title VII of the United States Code
10 (Exh. 1). Plaintiff was granted leave to amend her complaint twice. In her first amended
11 complaint, plaintiff attempted to allege claims under the Americans with Disabilities Act,
12 The Rehabilitation Act, and 42 U.S.C. Section 1983 (Exh. 2). Defendants moved to dismiss
13 her first amended complaint, which Judge Wilkin granted, while granting plaintiff leave to
14 amend (Exh. 3 at 36:5-27). In the final version of her complaint, the corrected plaintiff's
15 second amended complaint, plaintiff attempted to state a single claim under Section 1983 against
16 11 individual defendants (Exh 5). Plaintiff alleged in her second amended complaint that "[t]he
17 harassment, intimidation, embarrassment and cruelty that Plaintiff was subjected to (by the
18 defendants) was a concerted effort by the defendants intended to punish Plaintiff for exercising
19 her First Amendment Rights to complain about the abuse and/or complain about anything else at
20 Napa, and to make Plaintiff miserable and drive her under duress to quit her job at napa, and also
21 to deprive her of any separation benefits whatsoever" (Exh. 5 at 10:10-14). On September 16,
22 2006, defendants moved for summary judgment (Exh. 6). Judge Wilken issued an order granting
23 summary judgment to all defendants on January 11, 2007 (Exh 7).

24 Plaintiff's original complaint herein alleged the following claims: (1) violations of due
25 process; (2) violations of the Fourteenth Amendment and the equal protection provisions of the
26 California Constitution; (3) cruel and unusual punishment under the Eighth Amendment and
27 applicable provisions of the California Constitution; (4) violations of 42 U.S.C. Section 1981;
28 (5) violations of the Age Discrimination in Employment Act of 1967; and (6) violations of the

Fair Employment and Housing Act. On March 29, 2012, defendants Matteucci, Percy, Poone, Wong, and Harkness moved to dismiss plaintiff's original complaint pursuant to FRCP 12(b)(6). An order granted defendant's motion to dismiss, and held that plaintiff may seek leave to amend the complaint. Plaintiff timely filed a motion for leave to amend the complaint, with a proposed amended complaint appended to the motion. Defendants Matteucci, Percy, Poone, Wong, and Harkness filed an opposition to plaintiff's motion for leave to file amended complaint.

The allegations in plaintiff's proposed amended complaint are as follows: the NSH defendants combined and created a hostile work environment to retaliate against plaintiff, under color of state law, and continued retaliating because plaintiff reported psychiatrist defendant Erick Khoury for committing dependent adult abuse, and sexual harassment. Plaintiff alleges that "when plaintiff filed charges with the internal process, the EEOC [equal employment opportunity commission], and filed a complaint in federal court, among other complaints, the Defendants obtained and provided Deputy Attorney General Robert Harkness with inaccurate, fabricated, and misleading information and used Mr. Harkness as a figurative 'Cats Paw' . . . to perpetuate and intensify what was actually retaliation under the guise of legal process against Plaintiff." She further alleges that defendants falsely accused plaintiff of being dangerous and mentally impaired, creating a hostile work environment, demoting plaintiff's employment position twice during a two-year period, and denying plaintiff various state employment benefits. Defendants' alleged "act of providing Deputy Attorney General Robert Harkness with false, fabricated, and misleading information and initially using him . . . to file repetitive frivolous petitions, appeals, motions, etc., against Plaintiff to perpetuate and intensify what was actually retaliation under the guise of legal process against Plaintiff amounts to: (1) Retaliatory Prosecutions; (2) Malicious Prosecutions; (3) Malicious Abuse of Legal process; (4) Abuse of process; (5) Concealing evidence; (6) Spoliation of evidence, and Emotional Abuse" (Proposed Amd. Compl. p.21).

The proposed amended complaint alleges Section 1983 claims based on violations of the First Amendment right to free speech, violations of the Fourteenth Amendment right to due

3

process and equal protection of laws, and violations of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964 (Proposed Amd. Compl. p. 21).

Plaintiff claims that "[t]he issue over plaintiff's backpay is not what prompted this lawsuit, but Plaintiff filed this lawsuit to seek redress for all the financial, physical, and other damages explained herein that the defendants caused and perpetuated for over eight years." She asserts that "this lawsuit is also about the defendants providing the Court with inaccurate information in the endorsed Gaylene Wong affidavit that is dated April 19, 2012, and the defendants did not mail the amount of funds or her mandatory overtime payments the defendants claimed to the Court they mailed, and the defendants took illegal deductions" (Proposed Amd. Compl. p. 23).

**ANALYSIS**

Under FRCP 15, leave to amend should be given when justice so requires. The underlying purpose of FRCP 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient . . . . [The] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50. A "formulaic recitation of a cause of action's elements" is not enough. *Twombly*, 550 U.S. at 555.

To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

4

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding failure to state sufficient facts for a Section 1983 claim) (internal quotation omitted).

Defendants argue that plaintiff's claims are barred by claim preclusion, issue preclusion, and statute of limitations. Defendants further argue that plaintiff's claims are so vague and ambiguously stated that defendants are forced to speculate as to what exact causes of action plaintiff is attempting to plead. In addition, defendants argue that although plaintiff uses the words "sued in his/her individually capacity," for each defendant, no unofficial conduct is alleged in her proposed amended complaint. Defendants further argue that plaintiff's proposed amended complaint fails to overcome the issues and rulings addressed in this Court's order granting motion to dismiss (Opp. ¶. 6–7).

This order finds that while the claim preclusion does not entirely defeat plaintiff's complaint, it limits its scope. The complaint's factual allegations as to the remaining retaliation claims are insufficient to maintain an action under Section 1983.

### 1. CLAIM PRECLUSION.

Res judicata refers to the preclusive effect of a judgment. There are two types: claim preclusion and issue preclusion. Claim preclusion bars the successive litigation of the same claim after a final judgment, even if the same issues on the claim were not raised in the first suit. Issue preclusion, in contrast, bars relitigation of an essential issue of fact or law that was actually litigated and resolved, even if the claim is different. *Taylor v. Sturgell*, 553 U.S. 880 (2008) (citations omitted). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation

5

attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ibid*.

There are three elements to a successful claim preclusion defense: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). There is an identity of claims if they are based on "the same transactional nucleus of facts." *Id*. at 1078 (citations omitted). A different legal label for an issue does not preclude res judicata, nor does asserting new claims based on the same facts. "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Ibid*. (emphasis added and citations omitted). The Ninth Circuit weighs multiple factors to determine whether two claims arise out of the same transaction, including whether the facts are related in time, space, origin, subjective or objective motivation, and whether they form a convenient trial unit. *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 907 (9th Cir. 1999).

Here, defendants argue that the doctrine of claim preclusion bars plaintiff from suing defendants Khoury, Grazaini, Zwerin, Stolp, Spence, and Percy. Defendants argue that plaintiff's claims in both her 2003 lawsuit, and her current proposed amended complaint, arise from the same occurrence: her complaints to and about Khoury, her co-worker at Napa State Hospital, which allegedly triggered the retaliation and harassment that plaintiff allegedly suffered at the hands of all of the defendants. Plaintiff's claims in both complaints are filed under Section 1983, for harassment in retaliation for exercising her First Amendment rights. After plaintiff amended her complaint twice, Judge Claudia Wilkin ultimately granted summary judgment to the 11 individually named defendants. In the instant action, plaintiff is attempting to sue six out of those 11 defendants in her proposed amended complaint. In the instant action, defendant has also included five more defendants that were not sued in the 2003 lawsuit.

This order finds that claim preclusion bars plaintiff from suing the six defendants who were sued in plaintiff's 2003 lawsuit: Khoury, Grazaini, Zwerin, Stolp, Spence, and Percy. *First*, there is an identity of claims in the instant action and in the 2003 action.

6

1  Plaintiff essentially alleges that defendants attempted to punish plaintiff for exercising her
2  First Amendment Rights to complain about abuse and other occurrences at NSH, to drive her
3  to quit her job, and to deprive her of separation benefits. *Second*, there was a final judgment
4  on the merits in the 2003 lawsuit. *Third*, there is an identity between parties. There is no
5  dispute that Meyer — plaintiff in the instant lawsuit — was the plaintiff in the prior litigation.
6  Similarly undisputed is that defendants Khoury, Grazaini, Zwerin, Stolp, Spence, and Percy
7  were named defendants in the first proceeding. Accordingly, the doctrine of claim preclusion
8  bars plaintiff's Section 1983 claims based on First Amendment violations.

Defendants further argue that because the issues are identical in plaintiff's 2003 lawsuit and her proposed amended complaint, issue preclusion applies to all the defendants in the instant action, including those that were not sued in plaintiff's 2003 lawsuit. This order finds defendant's argument unpersuasive. The issues in the 2003 lawsuit are not entirely identical to the issues plaintiff discusses in her proposed amended complaint. Some issues in the proposed amended complaint concern events that occurred after the 2003 lawsuit ended. Plaintiff's claims concerning events that occurred after the 2003 lawsuit ended fail to state a claim under FRCP 12(b)(6), and therefore granting leave to amend would be futile.

### 2. FAILURE TO STATE A CLAIM.

#### A. Due Process and Equal Protection Claims.

To prevail on a procedural due process claim, plaintiff would have to demonstrate that defendants' wrongful acts deprived her of a liberty interest or property interest without sufficient notice or an opportunity to be heard. *Mathews v. Eldridge*, 42 U.S. 319, 333 (1976). To prevail on a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, "a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In her proposed amended complaint, plaintiff alleges defendants' "individual and combined unconstitutional acts and omissions violated . . . Plaintiff's Fourteenth Amendment right to due process and equal protection of laws" (Proposed Amd. Compl. p. 21). Plaintiff's due

7

process and equal protection claims fail to overcome the issues addressed in this Court's order granting motion to dismiss.

*First*, plaintiff has failed to allege membership in a protected class, nor any discriminatory behavior on the part of defendants. Plaintiff's claim for violation of the Equal Protection Clause of the Fourteenth Amendment accordingly fails.

*Second*, no facts are alleged in plaintiff's complaint giving rise to a due process claim. Plaintiff alleges that defendants' alleged "act of providing Deputy Attorney General Robert Harkness with false, fabricated, and misleading information and initially using him . . . to file repetitive frivolous petitions, appeals, motions, etc., against Plaintiff to perpetuate and intensify what was actually retaliation under the guise of legal process against Plaintiff" (Proposed Amd. Compl. p. 21). Because plaintiff prevailed on appeal, it is unclear how Attorney Harkness's filings in the SPB administrative proceedings deprived plaintiff of liberty interest or property. The mere fact that Attorney Harkness appealed the administrative law judge's decision on behalf of his client cannot give rise to a due process claim. While appellate procedure may result in inconvenience to the prevailing party, the very purpose of appellate review is to provide fair adjudication to all litigants. Participation in this process, however zealous, does not constitute a violation of plaintiff's due process rights.

While it is unclear whether plaintiff is attempting to re-litigate the issues decided in the SPB administrative law proceedings, this is the improper forum to review those decisions and, moreover, plaintiff prevailed on these claims.

Because plaintiff fails to provide an adequate basis for her claims for due process and equal protection violations, granting leave to amend would be futile. Therefore, plaintiff's motion for leave to file a first amended complaint alleging due process and equal protection violations is **DENIED**.

        **B.    Violations of the Anti-retaliation Provision Of Title VII of the Civil Rights Act of 1964.**

For a retaliation claim, a plaintiff must first establish a prima facie case: (1) she was engaged or was engaging in activity protected under Title VII; (2) the defendant subjected her to an adverse employment decision; and (3) there was a causal link between the protected activity

8

and the defendant's action. *Johnston v. Horne*, 875 F.2d 1415, 1421 (9th Cir. 1989), overruled on other grounds as recognized by *Williams-Scaife v. Dept. of Defense Dependent Schs.*, 925 F.2d 346, 348 (9th Cir. 1991).

Plaintiff asserts that defendants' "individual and combined unconstitutional acts and omissions violated . . . the anti-retaliation provision of Title VII of the Civil Rights Act of 1964 that forbids an employer from 'discriminating against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation, like Plaintiff did when she filed charges with the EEOC, filed a court complaint, and made complaints to other and additional agencies, organizations and persons, creates a cause of action for civil rights violations pursuant to Title 42 U.S.C. Section 1983" (Proposed Amd. Compl. 21). Plaintiff's proposed amended complaint does not allege any of the elements required for a retaliation claim. Even a liberal reading of the proposed amended complaint fails to evince any basis for a Title VII claim. Accordingly, plaintiff's motion for leave to file a first amended complaint alleging violations of the anti-retaliation provision of Title VII is **DENIED**.

## CONCLUSION

The claims against the defendants would be dismissed from the case if the amendment were allowed. It therefore would be futile to allow it. Leave to amend is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 12, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE