IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA L. MEYER,<br><br>Plaintiff,<br><br>v.<br><br>ERICK KHOURY, DAVE GRAZAINI, JEFF ZWERIN, MIKE STOLP, PEGGY SPENCE, ED FOULK, DOLLY MATTEUCCI, DEAN PERCY, TERRY ANNE POONE, GAYLENE WONG, and DEPUTY ATTORNEY GENERAL ROBERT ANDREW HARKNESS,<br><br>Defendants.<br>_____ / | No. C 12-00734 WHA<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FRCP 60; GRANTING PLAINTIFF'S REQUEST FOR MANUAL SERVICE AND FILING; DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL** |

**INTRODUCTION**

Plaintiff moves to set aside the order denying plaintiff's motion for leave to file an amended complaint and the final judgment dismissing the case, claiming mistake under FRCP 60(a) or 60(b)(1), "possible misrepresentation" under FRCP 60(b)(3), and generally seeking relief under FRCP 60(b)(1)-(6). For the reasons that follow, the motion is **DENIED**.

**STATEMENT**

Pro se plaintiff Lorena Meyer filed a complaint alleging various constitutional and statutory claims that stem from her prior employment at the California Department of Mental Health (DMH), a subsequent state administrative proceeding before the State Personnel Board (SPB) on claims of retaliation, wrongful demotion, and termination resulting from plaintiff's reporting of abuses while employed at DMH, subsequent appeals of the SPB matter, and two

lawsuits plaintiff has filed in federal court, including the instant action. The numerous proceedings are described in the order granting defendants' motion to dismiss (Dkt. No. 24) and the order denying plaintiff's motion for leave to file amended complaint (Dkt. No. 53). A short summary follows.

Meyer was formerly employed by the DMH facility at Napa State Hospital (NSH). Plaintiff prevailed before an administrative law judge of the SPB on her claims that she was retaliated against for reporting abuses, and was awarded salary, backpay, benefits, and interest. The ALJ's decision was affirmed on appeal to the California Court of Appeal.

Meyer subsequently filed a lawsuit in federal district court in this district in 2003. Plaintiff's complaint was twice dismissed with leave to amend. In the final version of the complaint, plaintiff alleged a single claim under Section 1983 against 11 individual defendants, claiming that "[t]he harassment, intimidation, embarrassment and cruelty that Plaintiff was subjected to (by the defendants) was a concerted effort by the defendants intended to punish Plaintiff for exercising her First Amendment Rights to complain about the abuse and/or complain about anything else at Napa, and to make Plaintiff miserable and drive her under duress to quit her job at napa, and also to deprive her of any separation benefits whatsoever." Judge Claudia Wilken issued an order granting summary judgment in favor of all defendants on January 11, 2007.

In the instant action, plaintiff's original complaint alleged the following claims: (1) violations of due process; (2) violations of the Fourteenth Amendment and the equal protection provisions of the California Constitution; (3) cruel and unusual punishment under the Eighth Amendment and applicable provisions of the California Constitution; (4) violations of 42 U.S.C. 1981; (5) violations of the Age Discrimination in Employment Act of 1967; and (6) violations of the Fair Employment and Housing Act. The six defendants in this action were all defendants in the 2003 lawsuit, and include officers and employees of NSH as well as Deputy Attorney General Robert Harkness, who represented DMH in the SPB administrative proceedings.

The original complaint herein was dismissed with leave to amend under FRCP 12(b)(6). The dismissal order found that plaintiff's due process and equal protection claims were deficient

1  because plaintiff failed to allege membership in a protected class or any discriminatory behavior
2  on the part of defendants and plaintiff alleged no facts that would give rise to a due process claim
3  (Dkt. No. 24 at 4). As to defendant Harkness, the order held that the mere fact that defendant
4  appealed the ALJ's decision on behalf of his client cannot give rise to a due process claim. The
5  dismissal order also addressed the merits of plaintiff's eighth amendment claim, Section 1981
6  claim for intentional discrimination based on race, Age Discrimination in Employment Act
7  claim, and state law claims, granting defendants' motion to dismiss as to each.

8  Plaintiff timely sought leave to file an amended complaint as provided for in the
9  dismissal order. The allegations in plaintiff's proposed amended complaint were as follows: the
10 NSH
11 defendants combined and created a hostile work environment to retaliate against plaintiff, under
12 color of state law, and continued retaliating because plaintiff reported psychiatrist defendant
13 Erick Khoury for committing dependent adult abuse, and sexual harassment. Plaintiff alleged
14 that "when plaintiff filed charges with the internal process, the EEOC [equal employment
15 opportunity commission], and filed a complaint in federal court, among other complaints, the
16 Defendants obtained and provided Deputy Attorney General Robert Harkness with inaccurate,
17 fabricated, and misleading information and used Mr. Harkness as a figurative 'Cats Paw' . . . to
18 perpetuate and intensify what was actually retaliation under the guise of legal process against
19 Plaintiff." She further alleged that defendants falsely accused plaintiff of being dangerous
20 and mentally impaired, creating a hostile work environment, demoting plaintiff's employment
21 position twice during a two-year period, and denying plaintiff various state employment benefits.

22 Defendants filed an opposition to plaintiff's motion for leave to amend, arguing that the
23 claims were barred by claim preclusion and issue preclusion arising from the 2003 lawsuit, and
24 that the statute of limitations had run on plaintiff's claims. Defendants further argued that
25 plaintiff's proposed amended complaint failed to overcome the deficiencies identified in the
26 dismissal order. Plaintiff's motion for leave to file an amended complaint was denied on July
27 12, 2012 (Dkt. No. 53). The order denying leave to amend found that the doctrine of claim
28 preclusion barred plaintiff from relitigating claims brought against the six defendants, who had

1 all been previously sued in plaintiff's 2003 lawsuit. As to the remainder of the action, the order
2 found that plaintiff's amended complaint failed to cure the deficiencies inherent in the original
3 complaint.

**ANALYSIS**

**1. Relief under FRCP 60(a).**

Under FRCP 60(a), "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The rule provides for correction of clerical errors or oversights, and does not contemplate correction of substantive mistakes. "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987) (original emphasis omitted).

Plaintiff argues that there is a mistake in the record, stating that she "is wondering if all the pages and exhibits she mailed to the Court with her motion, proposed amended complaint, and reply were intact and legible when the Court read Plaintiff's papers[.]" She also argues that because she submitted a reply brief to her motion for leave to amend that was either incomplete or that had been inadvertently filed with two missing pages, her full arguments were not before the Court when it decided the motion. In particular, two pages with argument entitled "res judicata and collatereal [sic] estoppel" and "statute of limitations" were missing from her reply brief. Apart from these two pages, plaintiff has identified no other missing or incomplete pages in her submissions.

Upon review of the content of the two pages, filed by defendants at Docket Number 63-1, it is clear that the order regarding plaintiff's motion for leave to amend would not be affected by the arguments and legal authority discussed therein. *First*, the order did not rely on any argument relating to defendant's statute of limitations defense. Review of plaintiff's arguments

4

on those points would not be relevant to the determination. *Second*, the page on res judicata and collateral estoppel consists of decisions, restatements of general legal principles, and the argument that "the 2012 Complaint contains some new and different issues and Plaintiff's 2003 Complaint was dismissed on summary judgment at the pleading stage and the dismissal was based on case law misapplied." The Court was aware of the basic legal principles and authority cited in plaintiff's brief. Plaintiff's arguments regarding an alleged mistake in the law applied in the 2003 lawsuit are laid out extensively on pages seven through nine of the reply brief, which the Court did receive and review prior to issuing the order. Moreover, the opinion explicitly agreed with plaintiff as to post-2003 claims, stating that "the issues in the 2003 lawsuit are not entirely identical to the issues plaintiff discusses in her proposed amended complaint. Some issues in the proposed amended complaint concern events that occurred after the 2003 lawsuit ended" (Dkt. No. 53 at 7). Lastly, it is well-settled that a summary judgment decision can constitute a "final decision on the merits" for purposes of claim preclusion. *See, e.g., Williams v. SunTrust Banks, Inc*., 280 F. App'x 885, 886 (11th Cir. 2008); *Bayone v. Baca*, 130 F. App'x 869, 871-72 (9th Cir. 2005).

### 2. Relief under FRCP 60(b).

With little explanation or analysis, plaintiff contends that she is entitled to relief under each of the provisions of FRCP 60(b). Plaintiff, however, does not allege that there was any newly discovered evidence per FRCP 60(b)(2) or set forth arguments that the judgment is void or has been satisfied per FRCP 60(b)(4) or (5).

#### a. FRCP 60(b)(1).

FRCP 60(b)(1) grants a district court discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or excusable neglect." "A party is not entitled to relief under FRCP 60(b)(1) merely because it is unhappy with the judgment, but must show why it was justified in failing to avoid a mistake or inadvertence. Gross carelessness is not enough, nor is ignorance of the law." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

5

To the extent that plaintiff argues that she was "duped by the misapplied case" *Garcetti v. Ceballos*, 547 U.S. 410 (2006), a party's misunderstanding of the law is not sufficient under FRCP 60(b)(1). Nor is plaintiff's alleged surprise in responding to questions at the July 12, 2012 hearing. Plaintiff has failed to explain why any mistake or inadvertence in her responses would compel the Court to change any portion of its orders. And, as explained above, any mistake in the filing of plaintiff's documents was immaterial and would not have changed the opinion and entry of judgment.

### b. FRCP 60(b)(3).

"This ground requires the moving party to show that the opponent engaged in fraud, misrepresentation or other misconduct that prevented the moving party from fully and fairly presenting his or her case or defense." Robert Jones et al., Rutter Group Practice Guide: Federal Civil Trials and Evidence § 20:386 (2012). Although plaintiff has made various allegations of fraud and misrepresentation by defendants, she has not proven by clear and convincing evidence that defendants engaged in fraud or misrepresentation that prevented her from fairly presenting her claim in this case. *See, e.g., De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 881 (9th Cir. 2000) (affirming district court's determination that defendants failed to meet burden of proof by clear and convincing evidence standard). The bulk of plaintiff's allegations concerning fraud or misbehavior by the defendants appears to be related to the fact that they appealed the SPB decision over the course of several years, which plaintiff claims was frivolous harassment. Plaintiff has alleged no facts that would establish that defendants' exercise of their right to appeal was fraudulent. Plaintiff also claims that defendant Harkness was provided with "inaccurate, fabricated, and misleading information" by the other five defendants, but does not allege specific facts beyond these conclusory allegations. As an example of defendants' duplicitous and illegitimate conduct, plaintiff states that she was compelled by defendants to attend a settlement conference. Plaintiff also cites to defendants' *ex parte* application in California state court, where the defendants appear to have requested a stay of an SPB decision in order to avoid preclusion in the state court suit. Plaintiff has not explained why the use of this

procedure, or the argument defendants presented to the state court, amount to fraud, misrepresentation, or misconduct under this Rule.

### c. FRCP 60(b)(6).

As a catch-all provision, FRCP 60(b)(6) provides that a district court has the discretion to relieve a party from an order or judgment for "any other reason that justifies relief." Plaintiff's bases for relief are generally that the court's order denying the motion for leave to amend was incorrect, but plaintiff offers very little in the way of new argument.

For example, the May 11 dismissal order reviewed plaintiff's pleadings based on the liberal standard for pro se litigants set forth in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff argues that she has satisfied this standard because she has provided a bevy of allegations, facts, and documents along with her pleadings. However, the dismissal order and order denying the motion to dismiss made it clear that the claims failed because the allegations, taken as a whole, failed to state a claim for relief. This fundamental failure was not addressed by plaintiff's proposed amendment.

Plaintiff also argues at length that the prior federal lawsuit misapplied *Garcetti* in granting summary judgment against plaintiff. However, plaintiff has not provided any analysis or reason for this assertion. Plaintiff does not set forth a coherent argument and does not explain what effect this alleged misapplication would have on the survival of the current action.

For the foregoing reasons, plaintiff's motion is **DENIED.**

## 3. Plaintiff's requests for manual filing and service and for appointment of pro bono counsel.

Plaintiff has also filed a document entitled "Electronic filing is too difficult and too expensive for plaintiff's situation, and request for pro bono counsel appointed" (Dkt. No. 61). Plaintiff, who previously signed up for electronic filing, now requests that she be allowed to return to manual filing and service of paper documents. While the federal and local rules do not provide guidance on how a pro se litigant can unsubscribe from ECF, plaintiff has stated that electronic filing presents a hardship because she has no computer. The Court **GRANTS** plaintiff's

request for manual filing and service in accordance with the procedures for manual service set forth in the Local Rules and FRCP.

This Court has previously considered plaintiff's request to appoint *pro bono* counsel (Dkt. No. 15). As explained in the prior order, "in a civil case, appointment of counsel is a privilege and not an absolute right." *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 305 (1989). Plaintiff demonstrated that she was indigent, but failed to point to any exceptional circumstances sufficient to warrant appointment of counsel. Plaintiff has not set forth any new reasons that would establish any exceptional circumstances at this time. Plaintiff's request is **DENIED**.

## CONCLUSION

The Court has done the best it can with this case and, if plaintiff is still dissatisfied, then the next step would be to take her argument to the Court of Appeals.

**IT IS SO ORDERED.**

Dated: September 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE